**Jeffrey W. JANCIGA, of the Johnstown Police Department;**

v.

**Chandan S. VORA, Appellant.**

No. 06–4987.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) May 24, 2007.

Filed: June 12, 2007.

Chandan S. Vora, Johnstown, PA, pro se.

BEFORE: BARRY, AMBRO and FISHER, Circuit Judges.

OPINION

PER CURIAM.

Chandan S. Vora appeals the order of the United States District Court for the Western District of Pennsylvania dismissing pursuant to 28 U.S.C. § 1915(e)(2)(B), her "notice of removal" of criminal citations issued by the Johnstown Pennsylvania Police Department.

In October 2006, Vora filed a "notice of removal" seeking to remove a City of Johnstown police complaint charging her with violations of Pennsylvania law, namely, disorderly conduct, obstructing highways, scattering rubbish, and various traffic/nuisance citations. She claimed that the City of Johnstown Police Department and other city officials discriminated against her on account of her religious and

ethnic background by issuing baseless and unconstitutional criminal citations.

The District Court concluded that the "Notice of Removal" sought to attack state court proceedings over which the District Court had no jurisdiction. This timely appeal followed.

Vora has been granted leave to proceed *in forma pauperis* on appeal. Because her appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(i). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000).

After reviewing Vora's District Court pleadings and notice of appeal, we conclude that her petition was correctly denied. Vora petitioned for removal, presumably under the civil rights removal statute, 28 U.S.C. § 1443, alleging that the code violation citation was part of a larger conspiracy by all city personnel to violate her civil rights. The civil rights removal statute applies only to the removal of state court proceedings. *Id.; See also* 28 U.S.C. § 1447(a). Here, the citation is a proceeding before a district justice on a municipal code violation; it is not a state court criminal proceeding. Even if we assume *arguendo* that the civil rights removal statute applies to municipal code violation proceedings, Vora's generalized and unsupported allegations do not meet the specific criterion for § 1443 removal. *See City of Greenwood v. Peacock*, 384 U.S. 808, 827, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); *Ronan v. Stone*, 396 F.2d 502, 503 (1st Cir.1968). We have no independent reason to believe that the City of Johnstown will not afford Vora any process she is due. Having found no legal merit to this cause, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).